[821 NYS2d 601]

In the Matter of TODD S. STALL (Admitted as TODD SIMON STALL), an Attorney, Resignor.

Second Department, May 9, 2006

**APPEARANCES OF COUNSEL**

*Deborah A. Scalise*, Scarsdale, for resignor.

*Gary L. Casella*, White Plains (*Fredda Fixler Fuchs* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Todd S. Stall has submitted an affidavit dated November 30, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Stall was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on January 20, 1981, under the name Todd Simon Stall.

Mr. Stall avers that his resignation is submitted freely and voluntarily and that he is not being subjected to any coercion or duress. He is aware of the implications of submitting his resignation, having discussed them with his counsel.

On October 18, 2005, Mr. Stall pleaded guilty to a violation of 12 USC § 2607 (b), a class A misdemeanor, in the United States District Court for the Southern District of New York, before the Honorable George A. Yanthis. In his allocution, Mr. Stall admitted that from January 2001 through and including December 2004, he received regular payments totaling $88,300 from Crystal Clear Abstract, Inc., a title insurance company. Mr. Stall admitted that he provided no services in exchange for those payments.

Mr. Stall is fully aware that he is currently the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District. He acknowledges his inability to defend himself on the merits against charges based thereon.

Mr. Stall is aware that, pursuant to Judiciary Law § 90 (6-a), the Court, in any order permitting him to resign, could require him to make monetary restitution to any person whose money or property has been misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for claims paid regarding same. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Stall's resignation as the most expeditious way to conclude this matter in order to save the Court time and expense while protecting the public.

Inasmuch as the proffered resignation complies with all pertinent court rules, it is accepted and, effective immediately, Todd S. Stall, admitted as Todd Simon Stall, is disbarred and

his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Todd S. Stall, admitted as Todd Simon Stall, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Todd S. Stall, admitted as Todd Simon Stall, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Todd S. Stall, admitted as Todd Simon Stall, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Todd S. Stall, admitted as Todd Simon Stall, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Todd S. Stall, admitted as Todd Simon Stall, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).